UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE HARRISON,

    Plaintiff,

v.                                                                                                               Case No. 1:09-CV-333

WILLIAM PITTMAN, *et al.*,                             HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

In his amended complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff seeks monetary damages from four prison employees who he alleges violated his First Amendment rights by retaliating against him for filing grievances: Assistant Resident Unit Supervisor (ARUS) William Pittman; Corrections Officer Brock Simmons; Corrections Officer Paul Simpson; and Assistant Deputy Warden (ADW) Timothy Kipp. The Court has before it Plaintiff's objections to the report and recommendation issued July 19, 2010, in which Magistrate Judge Brenneman recommended that the Court grant Defendants' motion for summary judgment. After conducting a *de novo* review of the report and recommendation, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted.

**I.**     **ARUS Pittman**

        A.     <u>Grievance Filed against a Southern Michigan Correctional Facility (JMF) Employee</u>

The magistrate judge concluded that Plaintiff failed to establish a causal connection between the protected conduct – Plaintiff filed a JMF grievance – and the alleged adverse action – ARUS

Pittman allegedly removed Ms. Lewis, Plaintiff's fiancé, from the visitor's list. The magistrate noted that the JMF grievance involved an incident that occurred two years prior, at a different facility, and did not involve or name ARUS Pittman. Moreover, as the magistrate observed, it is undisputed that ARUS Pittman approved Ms. Lewis' visitors application on June 13, 2006, two weeks *after* Plaintiff filed the JMF grievance. Because Ms. Lewis was already on the visiting lists for two other prisoners, however, she needed to be removed from those lists before she could visit Plaintiff. ARUS Pittman, although not required to do so, contacted Ms. Lewis to explain the situation and assist her in the approval process.

Plaintiff's objection does not dispute the magistrate judge's analysis, but rather alleges that ARUS Pittman stated "I told you I would get you for filing that grievance on JMF Employees your fiancé is denied to visit you," a statement heretofore unmentioned and absent from all relevant grievances. (Pl.'s Objection at 7; Exs. G2, G11, & G21 to Compl., docket no. 1. ) Even assuming such a statement was made, the Court finds no reason to reject the magistrate judge's conclusions. The existence of a mere scintilla of evidence to support Plaintiff's position is insufficient to defeat a motion for summary judgment. *Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995). The Plaintiff has failed to present significant probative evidence demonstrating a genuine issue of material fact. *Id.* Accordingly, ARUS Pittman is entitled to summary judgment for the alleged retaliation arising from the JMF grievance.

    B.    <u>The July 2006 Riverside Correctional Facility (RCF) Grievances</u>

The magistrate judge also concluded that the alleged retaliation in the RCF grievances dated July 7, 8 and 25, 2006 – that ARUS Pittman threatened to transfer Plaintiff to another unit, "ride him out," and have other officers "do his dirty work" – did not constitute "adverse action" sufficient to support a claim for retaliation. Plaintiff's objection does not dispute the magistrate judge's

analysis, but merely quotes Michigan Department of Corrections (MDOC) policy directives supporting that prisoners have a constitutional right to file non-frivolous grievances and that prison employees may not retaliate against prisoners for doing so. The Court agrees with the magistrate judge's conclusion that ARUS Pittman is entitled to summary judgment as to the alleged retaliation relating to the July 2006 RCF grievances.

**II.     Officer Simmons and Officer Simpson**

    A.     Dismissed Major Misconduct Tickets

The magistrate judge concluded that, as to the alleged retaliation by Officers Simmons and Simpson, Plaintiff failed to establish a causal connection between the adverse action – Defendants' filing allegedly false misconduct tickets – and the protected conduct – Plaintiff's filing the July grievances against ARUS Pittman. As the magistrate noted, Plaintiff presented no evidence – direct or circumstantial – of a causal connection between the two other than mere proximity in time, which, standing alone, is insufficient. *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir.2007) ("The law is clear that temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim."). Plaintiff's objection, again, does not dispute the magistrate judge's analysis or the law cited, but makes only conclusory statements that the officers maliciously filed false disciplinary charges against him and that whether the misconduct charges were retaliatory or not is for the jury to decide. The Court disagrees. Plaintiff's bare allegations of retaliation are insufficient to withstand a motion for summary judgment. *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399-400 (6th Cir. 2010) ("When assessing motive in the context of a summary judgment motion, '[B]are allegations of malice [do] not suffice to establish a constitutional claim.'").

    B.     Other Major Misconduct Tickets

As to the misconduct tickets for which Plaintiff was found guilty, the magistrate judge

3

concluded that they could not support Plaintiff's claim because "a finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)(citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). Although Plaintiff disagrees with this holding, he presents no arguments and cites no case law to combat it. Plaintiff does, however, assert that in addition to the misconduct tickets, Officer Simpson also took his I.D. without cause and placed it in the contraband locker. (Pl.'s Objection at 16; Ex. R. to Compl., docket no. 1.) The Court finds this insufficient to state an "adverse action" for purposes of a First Amendment retaliation claim as it would not deter a person of ordinary firmness from exercising his or her right to access the courts. *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) (noting that some deprivations are "so de minimis that they do not rise to the level of being constitutional violations"). Accordingly, Officer Simmons and Officer Simpson are entitled to summary judgment on Plaintiff's retaliation claims.

### III. ADW Kipp

Finally, the magistrate judge concluded that ADW Kipp is entitled to summary judgment because, even if he did transfer Plaintiff to another unit for filing grievances, such conduct does not constitute "adverse action" sufficient to support a retaliation claim. Plaintiff's objection notes that ADW Kipp admitted that he moved Plaintiff because of "too many kite [sic], grievances, complaints between you and RUO Simpson, no progress for resolution." (Ex. B. to Compl., docket no. 1.) Because ADW Kipp transferred Plaintiff admittedly *because* he filed grievances, Plaintiff asserts, he violated Plaintiff's First Amendment rights. Plaintiff misses the point. The magistrate judge properly concluded that even if the causal connection element was satisfied, Plaintiff's retaliation claim must fail because moving Plaintiff to another facility does not constitute "adverse action," at least where, as here, Plaintiff fails to allege "foreseeable consequences to the transfer that would

4

inhibit the prisoner's ability to access the courts." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006) (citing *Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005)). Accordingly, ADW Kipp is entitled to summary judgment on Plaintiff's retaliation claim. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 19, 2010 (docket no. 49) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 30) is **GRANTED**.

This case is closed.


Dated: September 28, 2010                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE